Brown, Judge, dissenting.
[37] I respectfully dissent from the majority as to its finding that the evidence of probative value leads only to the conclusion that Barcroft was insane, or unable to appreciate the wrongfulness of her conduct, at the time of the offense.
[38] The Indiana Supreme Court has noted that a "finding that a defendant was not insane at the time of the offense warrants substantial deference from reviewing courts." Myers v. State , 27 N.E.3d 1069, 1074 (Ind. 2015) (citing Galloway v. State , 938 N.E.2d 699, 709 (Ind. 2010) (citing Barany v. State , 658 N.E.2d 60, 63 (Ind. 1995) )). Thus, when a defendant claims that an insanity defense should have been successful, the conviction will be set aside only "when the evidence is without conflict and leads only to the conclusion that the defendant was insane when the crime was committed." Id. (quoting Galloway , 938 N.E.2d at 710 (quoting Thompson v. State , 804 N.E.2d 1146, 1149 (Ind. 2004) (emphasis added in Galloway ))). "[T]estimony regarding behavior before, during, and after a crime may be more indicative of actual mental health at [the] time of the crime than mental exams conducted weeks or months later." Id. at 1076 (citing Thompson , 804 N.E.2d at 1149 (citing Barany , 658 N.E.2d at 64 )). Even if there is no conflicting lay testimony, the factfinder is free to disregard or discredit the expert testimony. Galloway , 938 N.E.2d at 709 (citing Thompson , 804 N.E.2d at 1149 ).
[39] Though it is undisputed that Barcroft is mentally ill, her demeanor, behavior, and statements before, during, and immediately after the crime, are probative and supportive of a reasonable inference of sanity. The trial court observed that she planned the murder and attempted to avoid culpability: Barcroft "lay in wait for [Pastor Iseminger]," "found a place to hide after the offense by the fact that it was so quick from the time that-and the police arrives at like one minute after the 911 call," "scoped that out and knew there was a good place to hide," and "talked to the detective," stating "I had to take him out." Transcript Volume 3 at 105-106. More importantly, the trial court determined that
at the same time, there exists a big separate and conflicting motivation to commit this crime. [Barcroft] was well aware of [Pastor Iseminger's] ability to talk with her family and that-that- *459 that [Pastor Iseminger] knew about what her family thought. And I believe the actions that she took that day were in response to that motivation. The motivation to avoid having to be somehow under an immediate detention to be reviewed for any sort of a problem that she was having.... [S]he's well aware of the things that are oaky [sic] to do and things that aren't okay to do. I think she just had an alternative mot-motive. And I'm persuaded by the alternative motion [sic].... I think it's easy for her to co-op [sic] things in reality into that delusion."
Id. at 104, 106-107. This Court should not invade the factfinder's determinations, and accordingly I would conclude that the trial court did not err in finding that Barcroft failed to prove her insanity defense. See Carson v. State , 963 N.E.2d 670, 678 (Ind. Ct. App. 2012) (holding that the evidence supported a reasonable inference that defendant appreciated the wrongfulness of his conduct and "therefore the evidence is not without conflict and does not lead only to the conclusion that [defendant] could not appreciate the wrongfulness of his actions," and reviewing "a number of Indiana cases" where the appellate court has upheld the guilty but mentally ill convictions of defendants "claiming that he or she should have been found [not responsible by reason of insanity] on the basis of nonconflicting expert testimony"), trans. denied .
[40] For the foregoing reasons, I respectfully dissent and would affirm the trial court's finding that Barcroft was guilty but mentally ill.